UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IRINA COLLIER,
      Petitioner,

vs.                             Case No.: 1:24cv113/AW/ZCB

SHERIFF GAINEY, et al.,
      Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* petition for a writ of habeas corpus
under 28 U.S.C. § 2254. (Doc. 1). Her petition challenges a criminal
prosecution for misdemeanor trespass that is currently pending in the
Eighth Judicial Circuit, Alachua County, Florida.[1] (*Id.* at 1, 15, 17-18).
For the reasons explained below, this case should be dismissed because
of *Younger* abstention.[2]

---

[1] The petition also references a prior case from California. Although not
entirely clear, Petitioner appears to believe that the prosecutors from the
California case have conspired with the prosecutors in Florida (along
with Petitioner's husband) to bring the case that is currently pending in
Florida state court.

[2] A district court may *sua sponte* dismiss a habeas petition where it
plainly appears that *Younger* abstention applies. *See* Rule 4, Rules
Governing Section 2254 Cases (requiring prompt judicial review of a

# I.   Background

The petition (and the voluminous exhibits) are quite confusing and difficult to decipher.  What follows is the Court's good faith attempt to summarize the petition's allegations.   In July 2020, a Florida court granted Petitioner's husband, Charles Collier, exclusive use and possession of a residential property in Gainesville, Florida.  (Doc. 5-1 at 53-55).   On May 16, 2024, Petitioner was charged in Alachua County Criminal Court with trespassing on that property.  (Doc. 5-3 at 12); *State of Florida v. Irina Collier*, Case No. 01-2024-MM-001056A.[3]   Criminal proceedings in that case are ongoing.  (Doc. 1 at 17-18).

---

habeas petition and explaining that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"); *see also* Rule 1(b), Rules Governing § 2254 Cases (stating that a district court "may apply any or all of these rules to a habeas corpus petition" that has not been filed under § 2254); *Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention grounds in a case that attempted to challenge an ongoing state criminal prosecution); *McGowan v. Dir. of Miami-Dade Dep't of Corr.*, No. 22-13720, 2023 WL 7321634, at *1 (11th Cir. June 7, 2023) (single judge order) (finding that "reasonable jurists would not debate the district court's dismissal" *sua sponte* of the habeas petition because "the district court correctly determined that [the petitioner's] claims were subject to the *Younger* abstention doctrine").

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes

In her § 2254 petition, Petitioner challenges the validity of the ongoing state criminal prosecution.[4] (Doc. 1 at 5-10, 15). She alleges that the prosecution is part of a conspiracy involving various people, including her husband, a California District Attorney, the Florida Attorney General, former President Donald Trump, and attorneys in the Commercial Branch of the U.S. Department of Justice. (*Id*. at 6). In terms of relief, Petitioner seeks federal court review of "*Brady* violations" that have occurred in the state criminal case. (*Id*. at 15). She also seeks permission to return to her home in Florida. (*Id*.).

---

judicial notice of facts taken from the Alachua County Criminal Court's online public docket for this case. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (finding no error in taking judicial notice of state court docket entries). If Petitioner disputes the accuracy of these facts or otherwise wishes to be heard on the propriety of the Court's taking judicial notice of these facts, she may do so in an objection to this Report and Recommendation. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-53 (11th Cir. 2020).

[4] The essence of Petitioner's habeas claims is that officials in Florida and California have conspired with each other and Petitioner's husband to have her wrongfully prosecuted. (Doc. 1 at 5-10). She alleges officials are committing fraud and perjury in the criminal proceedings and that she was jailed "as a trespasser in own house," denied bail, and not given *Miranda* warnings.

3

## II.    Discussion

Petitioner filed her habeas petition under 28 U.S.C. § 2254. (Doc. 1). Relief under § 2254 is available to a person who is "in custody pursuant to the judgment of a State court . . ." 28 U.S.C. § 2254(a). As a defendant in a currently pending criminal case, Petitioner is not in custody pursuant to a State court judgment. Thus, she cannot proceed under § 2254. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004). Instead, her § 2254 petition will be treated as a habeas petition under 28 U.S.C. § 2241. *See id.* (treating a state pre-trial defendant's § 2254 petition as though it had been brought under § 2241); *see also Lewis v. Broward Cnty. Sheriff Office*, No. 20-14603, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021) (holding that "the district court did not err in construing [the] § 2254 petitions as § 2241 petitions because, as a state pretrial detainee, [the petitioner] could only bring a habeas petition under § 2241"). That is appropriate because § 2241, unlike § 2254, may provide habeas relief "regardless of whether a final judgment has been rendered and regardless of the status of the case

pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).

Although a state pretrial defendant may seek habeas relief in certain situations under § 2241, the doctrine of *Younger* abstention generally prevents federal courts from interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Thus, "[w]hen a petitioner seeks habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before federal courts can grant such relief." *Hughes*, 377 F.3d at 1262. A district court should abstain under *Younger* when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise constitutional issues." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022). There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

5

Here, the requirements of *Younger* abstention are met.  First, there is a pending state judicial proceeding.  More specifically, there is an active and ongoing criminal case in Florida state court.  *See State of Florida v. Irina Collier*, Case No. 01-2024-MM-001056A.  Second, a state criminal prosecution certainly involves important state interests.  *See generally Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining that the state has an important interest in prosecuting criminal offenses).  Finally, there is no reason for this Court to believe that the Florida state court where the criminal action is pending will not afford Petitioner an adequate opportunity to raise her legal challenges to the prosecution.

Moreover, this case does not fall within one of the "narrow" exceptions to *Younger* abstention.  There is no evidence showing that the state prosecution was motivated by bad faith.  Indeed, the relevant facts gleaned from Petitioner's voluminous submissions to the Court show that there was a factual and legal basis for the prosecution's initiation.  Although Petitioner appears to believe the prosecution is part of an elaborate conspiracy by officials in two different states, such far-fetched

conspiracy theory allegations are insufficient to satisfy the bad faith exception to *Younger*. *See, e.g.*, *Alhussein v. Broward Cnty.*, No. 23-61026-CIV, 2023 WL 3816694, at *3 (S.D. Fla. June 5, 2023) (finding that the petitioner's "outlandish conspiracy theory" involving collusion by federal and state officials was insufficient to satisfy the bad faith exception to *Younger*).

The second exception does not apply because Petitioner has not shown that she will suffer irreparable injury if the Court abstains from interfering with the pending state criminal prosecution. Additionally, Petitioner has failed to show that there is "no adequate alternative state forum" where she can raise her legal challenges. The Florida state courts—where the criminal case is currently pending—are more than adequate forums where Petitioner can raise the legal issues she has presented in her habeas petition. For abstention purposes "what matters is whether the plaintiff is procedurally prevented from raising his constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court." *Johnson*, 32 F.4th at 1101 (cleaned up). Petitioner has provided

this Court with no reason to believe the Florida state courts have procedurally prevented her from raising her claims. Thus, the third exception to *Younger* abstention does not apply here.

## III.    Conclusion

For the reasons above, *Younger* abstention is warranted in this case. Thus, the matter should be dismissed.

## IV.    Certificate of Appealability

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition. *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008) (citing 28 U.S.C. § 2253(c)(1)(A) and *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003)). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, she may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in her objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The habeas petition (Doc. 1) be **DISMISSED without prejudice** based on *Younger* abstention.

2.    A certificate of appealability be **DENIED**.

3.    All pending motions be **DENIED as moot**.

At Pensacola, Florida this 26th day of July 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the

<u>electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

10